**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **YALONDA BOBO,** § | | |
| on behalf of herself and all others § | | |
| similarly situated, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | Civil Action No. 1:04-CV-626 |
| § | | |
| **CHRISTUS HEALTH, ET. AL.,** § | | |
| § | | |
| Defendants. § | | |

### MEMORANDUM OPINION AND ORDER
### GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE

Pending before the court are cross-motions for dismissal: the defendant's Motion for Judgment on the Pleadings filed on February 24, 2005, and the plaintiff's Motion for Voluntary Dismissal filed the following day. Having carefully considered the motions, the responses and replies thereto, and the wealth of case law addressing the issues presently before the court, the court is of the opinion that the defendant's motion should be granted in its entirety, and that the plaintiff's case be dismissed.

### BACKGROUND

**A.**   *The Latest Epidemic: Class Action Lawsuits against Not-For-Profit Hospitals*

This purported class action lawsuit is one of many tagalong actions filed in courts across the United States on behalf of indigent and uninsured patients. The Judicial Panel on Multidistrict Litigation rejected motions to transfer and consolidate the similar cases, leaving the individual cases festering in courts throughout the country. *See In re Not-For-Profit*

*Hosps./Uninsured Patients Litig.*, 341 F. Supp. 2d 1354, 1355-56 (J.P.M.L. Oct. 19, 2004). These cases invariably claim that hospitals, in violation of their alleged tax exemption agreements with the United States, have charged unreasonable, excessive, and inflated rates for medical care to their uninsured patients.  The backbone of this broad claim is threefold: (1) each of the healthcare provider defendants is a tax-exempt organization under 26 U.S.C. § 501(c)(3); (2) as tax-exempt organizations, each defendant expressly and/or implicitly agreed to operate exclusively for charitable purposes and provide health care to all of its uninsured patients at reasonable or discounted rates; and (3) the defendants' tax-exemption creates a contract with the government enforceable by the plaintiffs as intended third-party beneficiaries.

Simply put, in return for tax breaks, nonprofit hospitals have a contractual obligation with the government to provide free or discounted treatment to the needy.  In addition to this principle claim, the plaintiffs in these cases have advanced a miscellany of other allegations including, *inter alia*, breach of good faith and fair dealing, breach of charitable trust, unjust enrichment and constructive trust, civil conspiracy and concert of action, and aiding and abetting.

The plaintiffs in these copycat cases have not fared well.  The courts have categorically agreed that these claims are "patently untenable" and that no private right of action is created by section 501(c)(3) of the Internal Revenue Code.  *See Ferguson v. Centura Health Corp.*, 358 F. Supp. 2d 1014 (D. Colo. 2004).  The defendants' motions to dismiss have been granted in the majority of these cases.[1]  Several other cases have been dismissed voluntarily.[2]  Either way, no

---

[1] *Schmitt v. Protestant Mem. Med. Ctr., Inc.*, No. 04-CV-00577-DRH (S.D. Ill. Feb. 23, 2005); *Rivera v. Yale New Haven Hosp., Inc.*, No. 3:04v1515 (SRU) (D. Conn. Feb. 9, 2005); *Hagedorn v. St. Thomas Hosp., Inc.*, No. 3:04-0526 (M.D. Tenn. Feb. 7, 2005); *Peterson v. Fairview Health Serv.*, 2005 WL 226168 (D. Minn. Feb. 1, 2005); *Daly v. Baptist Health*, No. 04CV789GH (E.D. Ark. Jan. 31, 2005); *Shriner v. ProMedica Health Sys., Inc.*,

court has found for the plaintiffs on any substantive legal issue. *Kolari v. New York - Presbyterian Hosp.*, 2005 WL 710452, at n. 2 (S.D.N.Y. Mar. 29, 2005).

B. *The Present Pandemic: Bobo v. Christus Health*

As stated above, the present suit is indistinguishable from the many suits filed throughout the nation. The plaintiff, Yalonda Bobo, alleges that her minor child received emergency medical care at St. Elizabeth Hospital on February 15, 2001, following an automobile accident. The plaintiff does not allege that she is indigent, or that she in fact ever paid any money for her child's treatment. Still, the plaintiff claims that she was charged excessive and unreasonable fees by the defendant, Christus Health, a not-for-profit, charitable institution which receives state, local and, most notably, federal tax exemptions under 26 U.S.C. § 501(c)(3).

On behalf of herself and others similarly situated, Bobo filed suit in Texas state court,

---

2005 WL 139138 (N.D. Ohio Jan. 21, 2005); *Washington v. Med. Ctr. of C. Ga.*, Inc., No. 5:04-cv-185 (CAR) (M.D. Ga. Jan. 21, 2005); *Hogland v. Athens Regl. Health Serv., Inc.*, No. 3:04-cv-50 (CAR) (M.D. Ga. Jan. 21, 2005); *Lorens v. Catholic Health Care Partners*, 356 F. Supp. 2d 827 (N.D. Ohio 2005); *Hudson v. C. Ga. Health Serv.*, No. 5:04CV301 (DF) (M.D. Ga. Jan. 13, 2005); *Ferguson v. Centura Health Corp.*, 358 F. Supp. 2d 1014 (D. Colo. 2004); *Burton v. William Beaumont Hosp.*, 347 F. Supp. 2d 486, (E.D. Mich. 2004); *Darr v. Sutter Health*, 2004 WL 2873068 (N.D. Cal. Nov. 30, 2004); *Amato v. Allegheny Gen. Hosp.*, No. 04-1038 (W.D. Pa. Nov. 23, 2004); *Amato v. UPMC*, No. 04-1025 (W.D. Pa. Nov. 23, 2004); *Kizzire v. Baptist Health Sys., Inc.*, 343 F. Supp. 2d 1074 (N.D. Ala. 2004); *Jellison v. Florida Hosp. Healthcare Sys., Inc.*, No. 6:04-cv-1021-Orl-28KRS (M.D. Fla. Mar. 14, 2005); *Sabeta v. Baptist Hosp. of Miami, Inc.*, No. 04-21437 (S.D. Fla. Feb. 23, 2005); *Quinn v. BJC Health Sys.*, — F. Supp. 2d. —, 2005 WL 7433517 (E.D. Mo. Mar. 1, 2005); *Wright v. St. Dominic Health Serv., Inc.*, 2005 WL 743339 (S.D. Miss. Mar. 1, 2005); *Kolari v. New York-Presbyterian Hosp.*, 2005 WL 710452 (S.D. N.Y. Mar. 29, 2005); *Valencia v. Miss. Baptist Med. Ctr., Inc.*, — F. Supp. 2d —, 2005 WL 756485 (S.D. Miss. Mar. 29, 2005); *Fields v. Banner Health*, No. CIV-04-1297-PHX-SRB (D. Ariz. Mar. 24, 2005); *Watts v. Advoc. Health Care Network*, No. 04 C 4062 (N.D. Ill. Mar. 30, 2005); *Corely v. John D. Archibold Mem. Hosp. Inc.*, No. 1:04-CV-110 (WLS) (M.D. Ga. Mar. 31, 2005)

[2] *Shipman v. Inova Health Care Serv.*, No. 1:04cv910 (E.D. Va. filed Aug. 6, 2004); *Woodrum v. Integris Health, Inc.*, No. 5:04-CV-835 (W.D. Okla. filed July 7, 2004); *Kelly v. N.E. Ga. Med. Ctr.*, No. 2:04-CV-00139-WCD (N.D. Ga. filed July 21, 2004); *Frimpong v. DeKalb Med. Ctr.*, No. 1:04-CV-1745-WCO (N.D. Ga. filed June 16, 2004); *Maldonado v. Oschner Clinic Found.*, No. 2:04-CV-1987 (E.D. La. filed July 15, 2004)

3

alleging a variety of claims,[3] many of which explicitly referred to and relied on Christus's status as a tax-exempt charitable hospital under section 501(c)(3) and the purported duties and obligations arising therefrom. Christus removed the lawsuit to this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1340 claiming federal question jurisdiction. Bobo moved to remand the case, but this court denied the plaintiff's motion, finding that the federal tax principles from which the plaintiff's claims derive are a necessary predicate to the disposition of those claims.

On February 24, 2005, the defendants filed their Motion for Judgment on the Pleadings, requesting dismissal of all claims with prejudice. In response to the defendant's motion, the plaintiff filed her Motion for Voluntary Dismissal on the following day.

## DISCUSSION

### A.  *Cross-Motions for Dismissal*

Pending before the court are cross-motions for dismissal: the defendant's Rule 12(c) motion filed on February 24, 2005, and the plaintiff's Rule 41(a) motion filed the following day. Rule 41 of the Federal Rules of Civil Procedure allows plaintiffs to dismiss their lawsuits subject to court approval. FED. R. CIV. P. 41(a); *Oxford v. Williams Co., Inc.*, 154 F. Supp. 2d 942, 951 (E.D. Tex. 2001). However, this court has previously held that denial of a voluntary motion to dismiss is appropriate "where (1) dismissal would preclude the court from deciding a pending case or claim-dispositive motion, or (2) there is an objectively reasonable basis for requesting that the merits of the action be resolved in the current forum to avoid legal prejudice." *Oxford*, 154 F. Supp. 2d at 951; *citing Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201,

---

[3] The plaintiff's claims include: (1) breach of contract; (2) breach of good faith and fair dealing; (3) breach of charitable trust; (4) unjust enrichment; (5) civil conspiracy and concert of action; (6) and aiding and abetting.

202 (N.D. Tex. 1988). Furthermore, "outright dismissal should be refused when a plaintiff seeks to circumvent an expected adverse result." *Oxford*, 154 F. Supp. 2d at 951.

Clearly, the plaintiff's Rule 41 motion in the present case is an effort to avoid the expected adverse result that has occurred in not-for-profit hospital cases nationwide. The plaintiff's motion is particularly suspect considering it was filed one day after the defendants moved for judgment on the pleadings. In accordance with this court's ruling in *Oxford*, Bobo should not be permitted to unilaterally dismiss her action against Christus Health at this stage of the case. The defendants have answered Bobo's complaint and have filed their motion for judgment on the pleadings. Granting the plaintiff's motion would preclude the court from deciding this case on its merits, and it is objectively reasonable for this court to decide this case on its merits - or lack thereof - in uniformity with courts nationwide. Therefore, the court is of the opinion that the plaintiff's motion for voluntary dismissal should be denied, and that the defendant's motion for judgment on the pleadings should be considered.

### B.      *Standard of Review of the Defendant's Rule 12(c) Motion*

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A Rule 12(c) motion is appropriate for review if material facts are not in dispute but questions of law remain. *See Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)(*citing* 5A Wright & Miller, Federal Practice & Procedure § 1367 at 510). In this respect, the 12(c) motion operates like a Rule 12(b)(6) motion for dismissal. In deciding a Rule 12(c) motion, the court "must look only to the pleadings and accept all allegations in them as true," *St. Paul Fire & Marine Ins. Co. v.*

*Convalescent Serv., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999), and the only issue is whether, in viewing the facts in a light most favorable to the plaintiff, the complaint states a valid claim for relief. *See Brittan Commun. Intern. Corp. v. S.W. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002); *see also Smith v. BCE Inc.*, 2004 WL 2457807 at *4 (W.D. Tex. Nov. 3, 2004)("the legal standards for granting or denying Rule 12(c) and Rule 12(b)(6) motions are identical"). Thus, this court should not dismiss the plaintiff's claims "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that [s]he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

C.  *Analysis of the Plaintiff's Claims*

As stated above, the plaintiff's case is analytically indistinguishable from the many lawsuits that have been filed in courts nationwide on behalf of uninsured patients. The legal issues in these cases have been addressed by many federal courts, and repeating such a lengthy analysis here would be redundant. Instead, this court adopts the reasoning and analysis of U.S. District Judge Loretta A. Preska in *Kolari v. New York Presbyterian Hospital*, 2005 WL 710452. The cogent, thorough and persuasive "Opinion and Order" entered by Judge Preska in *Kolari* is directly relevant to all issues in the present case. Thus, for the reasons set forth more fully in that decision, this court finds that Bobo has failed to state any claim upon which relief can be granted.

Christus' tax exempt status under section 501(c)(3) does not create a binding contract between Christus and the government, nor does it confer a private right of action upon the plaintiff to enforce the purported contract. As a result, the plaintiff's third-party beneficiary breach of contract claim fails, and must be dismissed. Likewise, the plaintiff's claim for breach

of a charitable trust fails and is also dismissed.

Furthermore, like the Southern District of New York in *Kolari*, this court shall exercise supplemental jurisdiction over and dismiss the plaintiff's remaining state law claims. A district court has supplemental jurisdiction "over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court *may* decline to exercise supplemental jurisdiction over any state law claims if it has dismissed all the claims over which it had original jurisdiction. 28 U.S.C. § 1367(c); *see Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004). "Where, as here, 'the state claims are so closely tied to questions of federal policy,' the argument for exercise of supplemental jurisdiction 'is particularly strong.'" *Kolari*, 2005 WL 710452 at *9; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966). As this court declared in its decision to deny remand in this case, whether the plaintiff ultimately can prevail necessarily depends on whether Christus entered into an agreement with the United States pursuant to 26 U.S.C. § 501(c)(3). The plaintiff's state law claims, like her federal claims, are indispensably premised on the hospital's tax-exempt status. Therefore, like her federal claims, and for the reasons set forth in *Kolari*, the plaintiff's state law claims are dismissed.

Finally, given that there are no remaining causes of action, the plaintiff's claims for declaratory and injunctive relief must be dismissed. Furthermore, this court is of the opinion that all of plaintiff's claims must be dismissed with prejudice. The rash of these meritless claims against not-for-profit hospitals has the hospitals bleeding green. Many courts have recognized that hospitals across the country have been forced to expend substantial sums to respond to the

coordinated wave of copycat claims.  *See Woodrum v. Integris Health*, No. 5:04-CV-835-HE (W.D. Okla. Nov. 30, 2004)(Order granting attorney's fees in favor of defendants); *Kolari*, 2005 WL 710452 at *2.  The bleeding must stop.

## CONCLUSION

In the present case, the plaintiff cannot prevail on any of her claims under any imaginable theory.  No court has yet found for the plaintiffs on any substantive issue in these cases, and this court will not be the first.  For the foregoing reasons it is, therefore,

**ORDERED**, that the Defendant's Motion for Judgment on the Pleadings is hereby **GRANTED**, and that the Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

In addition, the Plaintiff's Motion for Voluntary Dismissal is Denied as moot, and any relief not expressly granted herein is hereby denied.

 SIGNED at BEAUMONT, Texas, on this the 26 day of April, 2005.

_____
HOWELL COBB
UNITED STATES DISTRICT JUDGE